Mathers, J.
The court comes now to determine the motion to direct a verdict.
The sole question raised by this motion is, whether this will is executed according to the forms prescribed by the statute. If it be true that it is not so executed, there is no doubt about the power and the duty of the court .to direct a verdict according to the motion. That is sufficiently warranted by the authority of Sears v. Sears, in 77 Ohio State.
The will in question appears to have been drafted by one possessing skill and knowledge of testamentary dispositions, and the only criticism offered is that there is a space between the end of the last testamentary or dispositive clause .and the testimonium clause, a space which, measured by the rule, is twenty-three inches. It is contended that, that being true, and the signature following a printed testimonium clause, which the draft contains, the will is not signed as directed by the statute.
Much resource and learning have been exhibited here on both sides by counsel, so that the task of the court has been very much simplified; yet I might wish that I had more time to prepare an opinion on this question which would be satisfactory to the court, because it is a new and interesting question in Ohio. The eases cited by counsel are rather confiieting, and it would seem that, where there is no question raised as to the intention of *594 the testator — as is here the ease — to grant the motion and in effect hold that the mere existence of a blank space between the signature to the will and the end of the dispositive parts of it nullifies the will, is sticking in the bark, and carrying technicality to an outrageous length.
Many of the cases cited by the plaintiffs I do not believe support their contention. In re Seaman’s Will, 80 Pacific Reporter, 700, for instance, is a case where the will was not signed at all, but was endorsed on the bade by the testator; and that in the 68th Pacific, In re Blake’s Will, I think it is, and some of the other eases cited by counsel for the plaintiff, were cases where wills were held invalid, because a part of the dispositive clauses of .the will appeared after the signature. That was the case in Glancy v. Glancy, 17 O. S., 135. I am inclined to believe that the opinions in the 68 Pacific Reporter, especially the concurring opinions of some of the judges, tend rather to support the contention of the proponents of the will here involved. The English cases cited by plaintiffs abundantly support their contention in .this behalf; but, as is usual with a case of first intention, the judges seem to make a leap and reach a conclusion by a priori reasoning and without very much help from precedent.
In the case of Irwin v. Jacques, 71 O. S., 406, in the course of the opinion, Judge Price says, after referring to Section 5916, which is the one invoked by plaintiffs here:
“The history of this and similar legislation evinces a purpose that such dispositions, of property, real or personal, should be so executed as to prevent, as far as practicable, unauthorized and fraudulent additions and interlineations, before or after the execution of the will. ’ ’
A similar doctrine is referred to in the Sears ease, 77 O. S., and that is the doctrine which controls the decisions in the English eases which were cited here, as well as some of the American decisions. In fact, 'all the courts seem to concur in holding that, notwithstanding .the intention of the testator may be plain, yet the intention of the testator, on a question of this kind, is not to be looked to, but the intention of the Legislature, to see whether or not the rules prescribed by the law *595 making power for .the testamentary disposition of property, which is not a natural but .a legal right, have been complied with. So that the fact- that this will evinces the intention of the testatrix — if it does — can have no bearing upon the determination of this question. This question must be solely determined upon the consideration, did the testatrix comply with the requirements of the statute, Section 5916, when she made this will ?
Counsel of course .are familiar with the ancient English rule that the mere fact that the name of the testator was signed anywhere on the paper containing .a will was a sufficient signature. This opened the door for fraud, and many fraudulent transfers of property were effected by 'unauthorized interpolations in wills. So a statute was enacted, 1 Viet., c. 26, which required that a will be signed at the foot or end thereof; and that legislation is carried over into .the legislation of Ohio. That was the evil which the statute 'was intended to prevent, namely, unauthorized interpolations in wills .after their execution. And, applying a very familiar rule of construction, the statute ought to be so construed .as to prevent that evil. Keeping the mischief in mind to be remedied, I am constrained to the belief that the existence of a space sufficient to admit of further dispositions -of property, or of interpolations by others, is fatal to the validity of a will; and .that such space exists in this will is, of course, obvious.
In the American & English Eney. of Law, 2d Ed., Vol. 30, at page 583, it is said that, “Where the statute requires the will to be signed at the end thereof, the signature must be sufficiently near the end of the written matter to prevent interpolations in the intervening space.” That seems to be the leading consideration in most of the cases that I have examined, with one or two exceptions. Smee v. Bryer, 6 Moore, P. C., 404; Soward v. Soward, 1 Duvall (Ky.), 126.
That doctrine is consistent with the policy of .the legislation on the subject and seems to be the thing that the courts, as well as the Legislature, had in mind all the time. I think that that is the doctrine of the case of Irwin v. Jacques, 71 O. S., 406, and *596 I am clear, upon an examination of Sears v. Sears, 77 O. S., that ■that conclusion is supported by the decision in that case. In that case, it appears that the testatrix had written the will herself and signed it in a blank in the attestation clause. Above the attestation clause was the testimonium clause, which was not signed at all. The court said that the absence of the signature in the testimonium clause showed that the will was not signed; and yet there is no doubt, after getting into the atmosphere of the case, that the testatrix intended her signature, or the writing of her name where she did write it, as a signature to the will.
It appears, too, that -there was a blank space of six inches after the testamentary provisions, but that fact was not dwelt on in the .opinion of the court.
However that may be, I do n-ot think there is any question but that she intended, when she wrote her name in that blank space, to sign the will. I think that appears sufficiently from the report of the case. Now, instead of signing it.in the testimonium clause she signed in ithe blank in the attestation clause. Her intention was to sign it; and th-e fact that she did sign it seemed to have no weight with the court because, as I say, it was not signed at the end of the testimonium clause.
Now, there does not need to be any testimonium clause in a will. If the testatrix had signed her name at the .end of the dispositive parts of it, at the end of the testamentary paragraphs, that would have been a sufficient signing within the meaning of the statute. The court says that a will is required to be signed at the end thereof, and hold that this will was not signed at the end thereof. And yet it was signed. While it was not signed at the end of the testimonium clause, it was signed in the next line -below, and only six inches from it, and it was signed by the testatrix with the intention of executing a will. And yet the court says that that is not a signing at the end of it. If ■that was not a signing at the end of it, then clearly I am satisfied •that in the case at bar the will was not signed at the end of it, because the testimonium clause may be rejected -as entirely unimportant, and might as well not have been there. That would leave the vail.in the Sears Case, with the signature coming six *597 inches from the end of the dispositive parts of the will, put there for the purpose of authenticating the will; yet the Supreme Court says it was not signed at the end .thereof. If that is true, neither was this will signed at the end thereof. I think the doctrine of all -the cases, which is succinctly stated in the American & English Ency. of Law, ante, is that when you get through with the disposition of the property by the will, that is the end of the will, and there must come the signature; and, if it is not signed there, the will is not signed at the end thereof. And that is what this .court holds. The motion will be sustained and exceptions noted. ■
Chas. C. Marshall, Andrew J. Hess and P. R. Taylor, for contestants.
Hoskins & Mills, J. D. Barnes .and O’Donnell & Billingsley, for proponente.